MEMORANDUM*
Swaraj Singh petitions this court for review of the Board of Immigration Appeals’s (“BIA”) denial of his claims for asylum, withholding of removal, and protection under the Convention Against Torture. For the reasons stated herein, we grant the petition.
The BIA commits reversible error when it “fail[s] to mention highly probative or potentially dispositive evidence.” Cole v. Holder, 659 F.3d 762, 772 (9th Cir.2011). The BIA denied Singh’s asylum application based, in part, on its conclusion that Singh had not established past persecution. However, in drawing that conclusion, the BIA considered only Singh’s “questioning by the Indian police and being punched in the face.” It made no mention of Singh’s allegations that Khalistan Liberation Force (“KLF”) members threatened to kill him and held a gun to his head, or of the murder of Singh’s brother, Gobinder. These facts formed an important basis of Singh’s asylum claim, and the BIA erred in failing to consider them for two reasons.
First, “we have consistently held that death threats alone can constitute persecution,” Navas v. I.N.S., 217 F.3d 646, 658 *531 (9th Cir.2000) (collecting cases), and where death threats are combined with physical violence or displays of imminent force, a petitioner is even more likely to be able to establish past persecution. See, e.g., Ruano v. Ashcroft, 301 F.3d 1155, 1160 (9th Cir.2002) (finding past persecution where petitioner was threatened by men who had “closely confronted” him and drawn their pistols in his presence). Thus, Singh’s statement that the KLF members held a gun to his head when they threatened him was a particularly important aspect of his claim to consider in assessing whether he had experienced past persecution.
Second, applicants can establish past persecution when threats are coupled with harm to people close to the applicant. See, e.g., Khup v. Ashcroft, 376 F.3d 898, 904 (9th Cir.2004) (holding that threats combined with the murder of a fellow preacher constituted past persecution). Therefore, the BIA should have considered the KLF members’ threats in conjunction with his brother Gobinder’s murder.
The BIA erred in failing to consider two of the essential aspects of Singh’s claim of past persecution, and we remand so that it may do so. We note that Singh argued that he was targeted on account of imputed political opinion before the BIA, and the BIA appeared to conduct its analysis of the police’s treatment of Singh under the assumption that, were Singh to establish persecution, this would be the protected ground underlying his claim. Should the BIA determine that these incidents amount to past persecution, it should reconsider whether Singh was targeted on account of a protected ground.
Petition GRANTED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.